UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HENRY L. ROBINSON,

                              Plaintiff,

              -against-

ANDRIS GUZMAN, O/B/O VICTORY
MITSUBISHI; ANDREA MARKEY, O/B/O
FLAGSHIP CREDIT ACCEPTANCE;
CRESCENT BANK & TRUST,

                              Defendants.

23-CV-0385 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under the Court's federal question jurisdiction, asserting claims under the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601-1667, the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, and other federal statutes and rules. Named as Defendants are Andris Guzman, an employee of Victory Mitsubishi ("Victory") in the Bronx, New York; Andrea Markey, an employee of Flagship Credit Acceptance ("Flagship"), located in Chadds, Pennsylvania;[1] and Crescent Bank & Trust ("Crescent"), located in New Orleans, Louisiana. By order dated January 30, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

---

[1] It is unclear whether Plaintiff seeks to sue Guzman and Markey or their respective employers, Victory and Flagship. In the caption to the complaint, Plaintiff lists the individuals "o/b/o" or "on behalf of" their respective employers. (*See* ECF 2, at 1.) In the "parties" section of the complaint, however, Plaintiff lists Guzman and Markey as defendants. (*See id.* at 2.)

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff invokes the Court's federal question jurisdiction and asserts claims under the

TILA, 15 U.S.C. §§ 1601-1667, and the FDCPA, 15 U.S.C. § 1692, *et seq*. Plaintiff also purports

to bring claims under 28 U.S.C. § 2201, 15 U.S.C. § 1681(p), Rule 55 of the Federal Rules of

Civil Procedure, and Rule 602 of the Federal Rules of Evidence. (*See* ECF 2, at 3.)

In the statement of claim, Plaintiff writes:

> 1) Plaintiff[2] introduced fraud within the contact entered with Defendant Victory
> Mitsubishi to defendant, including lack of full disclosure, including providing
> terms and definitions, and rescission rights, of the consumer credit transaction.
> Defendant has failed to respond to all affidavits and notices of claims that were
> sent certified mail via the United States Postal Service.

> 2) Defendant was provided the opportunity to State a claim or to remain silent and
> to agree with all terms set forth in the unresponded, unrebutted certified Notice of
> Recission, Notice of Fault and Opportunity to Cure and the Notice of Default,
> which included a Request for Admissions and a True Bill containing said
> violations.[3]

(*Id.* at 4.)

Plaintiff asks the Court to "order Andris Guzman and partner, on behalf of Victory

Mitsubishi, to cease communications with Plaintiff due to violations of 15 U.S.C. § 1692e(3)."[4]

(*Id.*) He also asks the Court "to order relief due to the discovery of fraud, and providing the

opportunity for defendant to state a claim or remain silent to which the Defendants, has remained

silent in not responding to certified claims," and that the Court order "that Victory Mitsubishi

officially rescind the transaction and return down payment, for Flagship Credit Acceptance, who

---

[2] The Court presumes Plaintiff meant to refer to "Defendant" here.

[3] The Court quotes the complaint verbatim. All spelling, punctuation, and grammar are as in the original unless otherwise indicated.

[4] Section 1692e(3) includes "[t]he false representation or implication that any individual is an attorney or that any communication is from an attorney" in the definition of a "false, deceptive, or misleading representation" for purposes of the FDCPA.

Victory Mitsubishi assigned the contract to, to return all past payments made towards this acquisition, and to release any lien and interest that Victory Mitsubishi or other related parties may have." (*Id.* at 4-5.) Plaintiff also seeks money damages.

Plaintiff attaches to the complaint multiple "Notice[s] of the Right to Rescind" that are addressed to Victory Mitsubishi (ECF 2-2, 2-5) and Flagship Credit Acceptance, LLC (ECF 2-3, 2-4).[5] In these notices, Plaintiff states that he "rescinds [his] entire consumer transaction" pursuant to 12 C.F.R. § 1026 (Regulation Z) and 15 U.S.C. § 1635. (ECF 2-2, at 1; ECF 2-3, at 1.)

Plaintiff also attaches an "Affidavit of Truth: Notice to Cease & Desist All Forms of Communication" addressed to Crescent, care of its Chief Financial Officer Leon Poche, in which Plaintiff requests that Crescent "validate the debt" and "cease all collection activity." (ECF 2-6.) Plaintiff further attaches a copy of his contract with Victory (ECF 2-7); a "Rejection of Service of Process" form regarding attempted service on Victory of a complaint which appears to have been filed by Plaintiff in Delaware (ECF 2-9, at 1); and a letter from Flagship in response to Plaintiff's "Notice of Right to Rescind" signed by Defendant Markey and stating that Flagship "did not finance the purchase of [Plaintiff's] vehicle" (ECF 2-9, at 2).

## DISCUSSION

### A.    Truth in Lending Act

The purpose of the TILA is to require creditors to divulge meaningful credit terms to consumers. *McAnaney v. Astoria Fin. Corp.*, 357 F. Supp. 2d 578, 583 (E.D.N.Y. 2005). The TILA requires "lenders to disclose to consumers certain material terms clearly and conspicuously in writing, in a form that consumers may examine and retain for reference." *Cardiello v. The*

---

[5] The notices appear substantively similar to one another.

*Money Store, Inc.*, No. 00-CV-7332, 2001 WL 604007, at *3 (S.D.N.Y. June 1, 2001) (internal

quotation marks omitted), *aff'd*, 29 F. App'x 780 (2d Cir. Mar. 15, 2002). An auto loan generally

is a closed-end credit transaction. The TILA's disclosure requirements for closed-end credit

transactions are found in 15 U.S.C. § 1638.[6] Closed-end consumer credit transactions require, for

example, accurate disclosure of the finance charge or the consumer's cost of credit, 15 U.S.C.

§ 1638(a)(3), and disclosure of the total of payments after all scheduled payments have been

made by the consumer, 15 U.S.C. § 1638(a)(5).

     In the complaint, Plaintiff alleges that Defendants[7] engaged in a "lack of full disclosure,

including providing terms and definitions, and rescission rights, of the consumer credit

transaction." (ECF 2, at 4.) The Court will begin with Plaintiff's claim that Defendants failed to

disclose his "rescission rights." In the "Notice of Right to Rescind" that Plaintiff attaches to the

complaint, he alleges that Victory failed to disclose his "Right of Rescission" which he alleges is

required by 12 C.F.R. § 1026.23(b)(1). (*See* ECF 2-2, at 2.) Section 1026.23 ("Right of

Recission"), however, does not appear to apply to Plaintiff's transaction. That regulation states,

"In a credit transaction in which a security interest is or will be retained or acquired *in a*

*consumer's principal dwelling*, each consumer whose ownership is or will be subject to the

security interest shall have the right to rescind the transaction . . . ." 12 C.F.R. 1026.23(a)(1)

(emphasis added); *see also* 15 U.S.C. § 1635 (provision of TILA requiring disclosure of the right

to rescind in "any consumer credit transaction . . . in which a security interest . . . is or will be

---

     [6] A "closed-end credit transaction" is defined as a transaction other than an open-ended
consumer credit transaction. 12 C.F.R. § 226.2(a)(10). An open-ended consumer credit
transaction is one where the creditor reasonably contemplates repeated transactions; may impose
a finance charge from time to time on an outstanding unpaid balance; and allows the extension of
credit to the consumer during the term of the plan to the extent that any outstanding balance is
repaid. 12 C.F.R. § 226.2(a)(20).

     [7] Plaintiff does not specify to which of the three named defendants he refers.

retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended."). The provision that Plaintiff alleges Defendants violated, Section 1026.23(b)(1), requires that "in a transaction subject to rescission," a creditor must provide the consumer with his notice of right to rescind. 12 C.F.R. 1026.23(b)(1). Under Plaintiff's contract with Victory, which he attaches to the complaint, Plaintiff agreed to "giv[e] a security interest in the vehicle being purchased." (ECF 2-7, at 1.) Nowhere in the contract does Plaintiff give Defendants a security interest in his "principal dwelling." Nor does Plaintiff allege anywhere else in the complaint that he gave Defendants a security interest in his principal dwelling. Without such a security interest, the TILA's right of rescission does not apply to Plaintiff's transaction with the Defendants; without a right of rescission, Plaintiff cannot state a claim that Defendants violated the TILA by failing to disclose such a right.

Plaintiff also alleges that Defendants failed to provide Plaintiff with "terms and definitions" related to the transaction. (ECF 2, at 4.) The complaint, however, fails to specify the nature of the "terms and definitions" that Defendants failed to disclose. In the "Notice of Recission" that Plaintiff attaches to the complaint, he states that the "down payment for the car was not clearly or conspicuously explained" to him. (ECF 2-3, at 3.) However, Plaintiff's contract with Victory specifies the amount of his down payment as $2,000. (*See* ECF 2-7.) Plaintiff also alleges that he was not advised that his "application was self-liquidating" and that his "application was a financial asset." (ECF 2-3, at 3.) These assertions, mentioned in passing in a document attached to the complaint, without additional factual context and explanation, are insufficient to state a claim under the TILA. For example, nothing in the statute requires that a creditor advise a borrower that the "application [is] self-liquidating" or that it is a "financial

asset." *See* 15 U.S.C. § 1638 (listing disclosure required by a creditor in a closed-credit transaction).

Because it is unclear whether Plaintiff can state a claim under the TILA, the Court grants Plaintiff leave to file an amended complaint to allege additional facts in support of his claim.

**B.     Fair Debt Collection Practices Act**

The FDCPA applies to consumer debt "arising out of . . . transaction[s] . . . primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5); *Polanco v. NCO Portfolio Mgmt., Inc.*, 930 F. Supp. 2d 547, 551 (S.D.N.Y. 2013) ("[T]he FDCPA is triggered when the obligation is a debt arising out of a consumer transaction"). The FDCPA prohibits those who qualify as "debt collectors" from using deceptive and misleading practices, 15 U.S.C. § 1692e, or engaging in "conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d.

The FDCPA defines a debt collector as: (1) a person whose principal purpose is to collect debts; (2) a person who regularly collects debts owed to another; or (3) a person who collects its own debts, using a name other than its own as if it were a debt collector. 15 U.S.C. § 1692a(6); *See also Henson v. Santander Consumer USA, Inc.*, 137 S. Ct. 1718 (2017) (holding that entities that regularly purchase debts originated by someone else and then seek to collect those debts for their own account are not necessarily debt collectors subject to the FDCPA).

Section 1692d provides examples of the type of conduct that the FDCPA prohibits, including violence, or threats of violence, or other criminal means; use of obscene or profane language "the natural consequence of which is to abuse the hearer or reader"; the publishing of a list of consumers who refuse to pay debts; or "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass" the person called. 15 U.S.C. § 1692d.

The only allegations Plaintiff asserts that appear relevant to a FDCPA claim are included in the document attached to the complaint that is addressed to Crescent CFO Leon Ponch, and labeled, "Affidavit of Truth: Notice to Cease & Desist All Forms of Communication." (*See* ECF 2-6.) In his "Affidavit" to Crescent, Plaintiff states that he has "absolutely no knowledge of the alleged debts listed on [Crescent's] website, company records, or any and all derivatives therefore, of, and/or with any affiliates or agencies acting as a real party or a third party interlopers." (ECF 2-6, at 3.) He further states, "I am sure the removal of my information from your website, company records, or any and all derivatives therefore, of, and/or with any corporate affiliates like Experian, Transunion or Equifax to ensure my privacy rights won't be violated again due to my lack of consent." (*Id.*)

As an initial matter, Plaintiff does not allege any facts suggesting that Crescent, or any defendant, is a debt collector within the meaning of the statute. Even assuming that Crescent is a debt collector within the meaning of the statute, Plaintiff still fails to state a claim. To the extent Plaintiff is asserting that Crescent violated the FDCPA by publishing information that Plaintiff has failed to pay his debts, he fails to allege sufficient specific facts to state a claim. For example, Plaintiff does not state the nature of the "information" to which he is referring; he does not allege that such "information" relates to his alleged failure to pay his debts. Furthermore, it is unclear from the Plaintiff's allegation whether his information was on Crescent's website, contained in its company records, or on the website of another entity such as Experian, Transunion, or Equifax. Moreover, even if his information was on Crescent's website, it is unclear from Plaintiff's allegations whether such information was publicly available.[8]

---

[8] Plaintiff does not otherwise allege that Crescent engaged in any other actions that violate the FDCPA, such as continuously calling him, threatening violence, or doing anything with the intent to harass, oppress, or abuse him, in violation of Section 1692d.

The Court therefore grants Plaintiff leave to file an amended complaint alleging facts suggesting a viable FDCPA claim. Plaintiff must allege facts suggesting that Defendants are debt collectors. He must also describe the debt he owed to Defendants and describe the conduct that Defendants engaged in to collect that debt.

## C.    Other claims

Plaintiff purports to assert claims under various other statutes and regulations, none of which appears to have any relevance to his claims. He invokes 28 U.S.C. § 2201, which provides for declaratory judgments in federal court. Plaintiff, however, does not seek declaratory relief. (*See* ECF 2, at 4-5) (seeking injunctive relief and money damages).

Plaintiff purports to asserts claims under 15 U.S.C. § 1681, a provision allowing for enforcement of the Fair Credit Reporting Act ("FCRA"). Plaintiff, however, alleges no facts suggesting that Defendants violated the FCRA or that any defendants are "credit reporting agencies" that would fall under the purview of that statute. *See* 15 U.S.C. § 1681a(f) (defining a "credit reporting agency" as "any person which . . . regularly engages . . . in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties . . . .").

Plaintiff invokes Rule 55 of the Federal Rules of Civil Procedure, which governs default judgments, but this action has not progressed to a stage where consideration of default judgment is appropriate. Finally, he purports to bring this action under Rule 602 of the Federal Rules of Evidence, which states, "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that a witness has personal knowledge of the matter." Rule 602 is irrelevant at this stage of the proceeding.

**LEAVE TO AMEND**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state valid claims under the Truth in Lending Act and the Fair Debt Collection Practices Act, the Court grants Plaintiff 60 days' leave to amend his complaint to detail his claims. If Plaintiff believes he has facts supporting a viable claim under the Fair Credit Reporting Act, he may allege those facts in the amended complaint.

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

    d)  the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 23-CV-0385 (LTS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates

good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   March 6, 2023
         New York, New York

           /s/ Laura Taylor Swain
           _____
           LAURA TAYLOR SWAIN
           Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____      _____ Civ. _____ ( _____ )

_____

*(In the space above enter the full name(s) of the plaintiff(s).)*      **AMENDED**
                                                                         **COMPLAINT**

             **-against-**

_____      Jury Trial:   □ Yes      □ No

_____                        (check one)

_____

_____

_____

_____

_____

_____

_____

*(In the space above enter the full name(s) of the defendant(s).  If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names.  The names listed in the above caption must be identical to those contained in Part I.  Addresses should not be included here.)*

I.       **Parties in this complaint:**

A.       List your name, address and telephone number.  If you are presently in custody, include your identification number and the name and address of your current place of confinement.  Do the same for any additional plaintiffs named.  Attach additional sheets of paper as necessary.

Plaintiff        Name _____

                 Street Address _____

                 County, City _____

                 State & Zip Code _____

                 Telephone Number _____

B.       List all defendants.  You should state the full name of the defendant, even if that defendant is a government agency, an organization, a corporation, or an individual.  Include the address where each defendant may be served.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  Attach additional sheets of paper as necessary.

Defendant  No. 1        Name _____

                        Street Address _____

                        County, City _____

                        State & Zip Code _____

                        Telephone Number _____


Defendant  No. 2        Name _____

                        Street Address _____

                        County, City _____

                        State & Zip Code _____

                        Telephone Number _____


Defendant  No. 3        Name _____

                        Street Address _____

                        County, City _____

                        State & Zip Code _____

                        Telephone Number _____


Defendant  No. 4        Name _____

                        Street Address _____

                        County, City _____

                        State & Zip Code _____

                        Telephone Number _____


**II.    Basis for Jurisdiction:**

Federal courts are courts of limited jurisdiction.  Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A.      What is the basis for federal court jurisdiction?  *(check all that apply)*

        ☐ Federal Questions              ☐ Diversity of Citizenship

B.      If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? _____
        _____
        _____

C.      If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

        Plaintiff(s) state(s) of citizenship _____

        Defendant(s) state(s) of citizenship _____
        _____

III.     **Statement of Claim:**

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.     Where did the events giving rise to your claim(s) occur?  _____

_____

B.     What date and approximate time did the events giving rise to your claim(s) occur?  _____

_____
_____

C.     Facts:  _____

_____

| What happened to you? |

_____
_____
_____

| Who did what? |

_____
_____
_____

| Was anyone else involved? |

_____
_____

| Who else saw what happened? |

_____
_____
_____
_____


IV.     **Injuries:**

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.  _____

_____
_____
_____
_____
_____
_____

**V.     Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation. _____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

Signature of Plaintiff     _____

Mailing Address     _____

_____

_____

Telephone Number     _____

Fax Number *(if you have one)*     _____

Note:   All plaintiffs named in the caption of the complaint must date and sign the complaint.  Prisoners must also provide their inmate numbers, present place of confinement, and address.

For Prisoners:

I declare under penalty of perjury that on this _____ day of _____, 20___, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff:     _____

Inmate Number     _____

*Rev. 12/2009*                    4