

ments and exceptions for any class of transactions, as in the judgment of the Board are necessary or proper to effectuate the purposes of this title, to prevent circumvention or evasion thereof, or to facilitate compliance therewith.

§ 106. Determination of finance charge (82 Stat. 148; 15 U.S.C. 1605).

(a) Except as otherwise provided in this section, the amount of the finance charge in connection with any consumer credit transaction shall be determined as the sum of all charges, payable directly or indirectly by the person to whom the credit is extended, and imposed directly or indirectly by the creditor as an incident to the extension of credit, including any of the following types of charges which are applicable:  *Definition.*

    (1) Interest, time price differential, and any amount payable under a point, discount, or other system of additional charges.
    (2) Service or carrying charge.
    (3) Loan fee, finder's fee, or similar charge.
    (4) Fee for an investigation or credit report.
    (5) Premium or other charge for any guarantee or insurance protecting the creditor against the obligator's default or other credit loss.

(b) Charges or premiums for credit life, accident, or health insurance written in connection with any consumer credit transaction shall be included in the finance charge unless  *Life, accident, or health insurance charges.*

    (1) the coverage of the debtor by the insurance is not a factor in the approval by the creditor of the extension of credit, and this fact is clearly disclosed in writing to the person applying for or obtaining the extension of credit; and
    (2) in order to obtain the insurance in connection with the extension of credit, the person to whom the credit is extended must give specific affirmative written indication of his desire to do so after written disclosure to him of the cost thereof.

9

<div style="margin-left: 2em;">

<span style="float: left;">Liability insurance charges.</span>

(c) Charges or premiums for insurance, written in connection with any consumer credit transaction, against loss of or damage to property or against liability arising out of the ownership or use of property, shall be included in the finance charge unless a clear and specific statement in writing is furnished by the creditor to the person to whom the credit is extended, setting forth the cost of the insurance if obtained from or through the creditor, and stating that the person to whom the credit is extended may choose the person through which the insurance is to be obtained.

<span style="float: left;">Exemptions.</span>

(d) If any of the following items is itemized and disclosed in accordance with the regulations of the Board in connection with any transaction, then the creditor need not include that item in the computation of the finance charge with respect to that transaction:

    (1) Fees and charges prescribed by law which actually are or will be paid to public officials for determining the existence of or for perfecting or releasing or satisfying any security related to the credit transaction.

    (2) The premium payable for any insurance in lieu of perfecting any security interest otherwise required by the creditor in connection with the transaction, if the premium does not exceed the fees and charges described in paragraph (1) which would otherwise be payable.

    (3) Taxes.

    (4) Any other type of charge which is not for credit and the exclusion of which from the finance charge is approved by the Board by regulation.

<span style="float: left;">Exemptions, real property.</span>

(e) The following items, when charged in connection with any extension of credit secured by an interest in real property, shall not be included in the computation of the finance charge with respect to that transaction:

    (1) Fees or premiums for title examination, title insurance, or similar purposes.

    (2) Fees for preparation of a deed, settlement statement, or other documents.

</div>

quent to the delivery of the required disclosures, the inaccuracy resulting therefrom does not constitute a violation of this chapter.

§ 125. Right of rescission as to certain transactions (82 Stat. 153; 88 Stat. 1517, 1519; 15 U.S.C. 1635).

Obligor's right to rescind.

(a) Except as otherwise provided in this section, in the case of any consumer credit transaction in which a security interest, including any such interest arising by operation of law, is or will be retained or acquired in any real property which is used or is expected to be used as the residence of the person to whom credit is extended, the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the disclosures required under this section and all other material disclosures required under this chapter, whichever is later, by notifying the creditor, in accordance with regulations of the Board, of his intention to do so. The creditor shall clearly and conspicuously disclose, in accordance with regulations of the Board, to any obligor in a transaction subject to this section the rights of the obligor under this section. The creditor shall also provide, in accordance with regulations of the Board, an adequate opportunity to the obligor to exercise his right to rescind any transaction subject to this section.

Return of money or property following rescission.

(b) When an obligor exercises his right to rescind under subsection (a), he is not liable for any finance or other charge, and any security interest given by the obligor, including any such interest arising by operation of law, becomes void upon such a rescission. Within ten days after receipt of a notice of rescission, the creditor shall return to the obligor any money or property given as earnest money, downpayment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction. If the creditor has delivered any property to the obligor, the obligor may retain posses-

sion of it. Upon the performance of the creditor's obligations under this section, the obligor shall tender the property to the creditor, except that if return of the property in kind would be impracticable or inequitable, the obligor shall tender its reasonable value. Tender shall be made at the location of the property or at the residence of the obligor, at the option of the obligor. If the creditor does not take possession of the property within ten days after tender by the obligor, ownership of the property vests in the obligor without obligation on his part to pay for it.

(c) Notwithstanding any rule of evidence, written acknowledgment of receipt of any disclosures required under this title by a person to whom a statement is required to be given pursuant to this section does no more than create a rebuttable presumption of delivery thereof.

(d) The Board may, if it finds that such action is necessary in order to permit homeowners to meet bona fide personal financial emergencies, prescribe regulations authorizing the modification or waiver of any rights created under this section to the extent and under the circumstances set forth in those regulations. *Modification of rights.*

(e) This section does not apply to the creation or retention of a first lien against a dwelling to finance the acquisition of that dwelling or to a consumer credit transaction in which an agency of a State is the creditor. *Exemption for first liens.*

(f) An obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs earlier, notwithstanding the fact that the disclosures required under this section or any other material disclosures required under this chapter have not been delivered to the obligor. *Time limit to exercise right.*

§ 126. Content of periodic statements (82 Stat. 153; 15 U.S.C. 1636).

If a creditor transmits periodic statements in connection with any extension of consumer credit

# CHAPTER 3—CREDIT ADVERTISING

§ 141. Catalogs and multiple-page advertisements (82 Stat. 158; 15 U.S.C. 1661).

For the purposes of this chapter, a catalog or other multiple-page advertisement shall be considered a single advertisement if it clearly and conspicuously displays a credit terms table on which the information required to be stated under this chapter is clearly set forth.

§ 142. Advertising of downpayments and installments (82 Stat. 158; 15 U.S.C. 1662).

No advertisement to aid, promote, or assist directly or indirectly any extension of consumer credit may state
>    (1) that a specific periodic consumer credit amount or installment amount can be arranged, unless the creditor usually and customarily arranges credit payments or installments for that period and in that amount.
>    (2) that a specified downpayment is required in connection with any extension of consumer credit, unless the creditor usually and customarily arranges downpayments in that amount.

§ 143. Advertising of open end credit plans (82 Stat. 158; 15 U.S.C. 1663).

No advertisement to aid, promote, or assist directly or indirectly the extension of consumer credit under an open end credit plan may set forth any of the specific terms of that plan or the appropriate rate determined under section 127(a)(5) unless it also clearly and conspicuously sets forth all of the following items:
>    (1) The time period, if any, within which any credit extended may be repaid without incurring a finance charge.
>    (2) The method of determining the balance upon which a finance charge will be imposed.