UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

HENRY L. ROBINSON                                  Case No.: 1:23-CV-00385-LJL

        Plaintiff,

vs.

VICTORY MITSUBISHI,
FLAGSHIP CREDIT ACCEPTANCE,
CRESCENT BANK & TRUST,

        Defendants.

---

### DEFENDANT CRESCENT BANK AND TRUST'S
### <u>MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS</u>

**LIPPES MATHIAS LLP**

Brendan H. Little, Esq.
Attorneys for Defendant Crescent Bank & Trust
50 Fountain Plaza, Suite 1700
Buffalo, NY 14202
P: 716-853-5100
F: 716-853-5199
E: blittle@lippes.com

## INTRODUCTION

On January 15, 2023, Plaintiff Henry L. Robinson ("Plaintiff") filed the present action against Defendant Crescent Bank & Trust ("Defendant"), Andris Guzman, Andrea Market, Victory Mitsubishi and Flagship Credit Acceptance. (Doc. 2). On March 17, 2023, Plaintiff filed an Amended Complaint seemingly alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA"), the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (the "FCRA") and the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA") against Defendant, Victory Mitsubishi and Flagship Credit Acceptance.

Plaintiff's Amended Complaint includes a single, unsupported allegation against Defendant. (Doc. 9 at p. 6). Specifically, Plaintiff alleges that Defendant "unlawfully detained Plaintiff's consumer goods (AUTOMOBILE), 15 U.S. Code 1692f(6). No notice or statement was received by Plaintiff from CRESCENT BANK & TRUST . . . in an attempt to collect an alleged debt. No Notice of Default of alleged debt was sent to the Plaintiff. CRESCENT BANK & TRUST wasn't assigned security interest on the contract that was signed on November 1st, 2022 between VICTORY MITSIBUSHI and Robinson, Henry L." (Doc. 9 at p. 6).[1] Although Plaintiff's Complaint is unclear as to the specific causes of action it brings against which defendant, the above-quoted paragraph appears to allege that Defendant violated the FDCPA. However, Plaintiff's allegations are wholly insufficient to state a claim pursuant to the FDCPA. As such, Plaintiff's Complaint must be dismissed with prejudice.

---

[1] To provide the Court sufficient context, on November 5, 2022, Defendant Victory Mitsubishi assigned its interest in Plaintiff's credit contract to Crescent Bank & Trust such that Crescent Bank & Trust was financing Plaintiff's purchase. On or about January 20, 2023, Defendant Victory Mitsubishi repurchased the loan and issued Crescent Bank & Trust a check in the amount of $31,172.00, such that Crescent Bank & Trust's obligations under the assignment of the contract were extinguished.

## ARGUMENTS & AUTHORITIES

### I.     Standard of Law

Federal Rule 8 provides that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and that "[e]ach allegation must be simple, concise, and direct." *Id*. at 8(d)(1); *see also* Fed. R. Civ. P. 10(b) ("A party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances.").  The statement should be plain because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial.  *See, e.g., Geisler v. Petrocelli*, 616 F.2d 636, 640 (2d Cir. 1980); 2A *Moore's Federal Practice* para. 8.13, at 8-61 (2d ed. 1987).  The statement should be short because "unnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage."  5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1281, at 365 (1969).

When ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must accept all factual allegations in the counterclaim as true and draw all reasonable inferences in the counterclaimant's favor.  *See Wilson v. Merrill Lynch & Co*., 671 F.3d 120, 128 (2d Cir. 2011). However, the Court is not required to credit legal conclusions, bare assertions, or conclusory allegations.  *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).   "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"  *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). The plaintiff must allege sufficient facts to show "more than a sheer possibility that a defendant has acted unlawfully." *Id.* If the counterclaimant has not "nudged [its] claims . . . across the line from conceivable to plausible," the counterclaim must be dismissed. *Id.* at 680 (quoting *Twombly*, 550 U.S. at 570).

## II.   Plaintiff's Complaint does not establish that Defendant is a "debt collector" pursuant to the FDCPA

To establish a violation under the FDCPA, three elements must be proven: "(1) the plaintiff [must] be a 'consumer' who allegedly owes the debt or a person who has been the object of efforts to collect a consumer debt, (2) the defendant collecting the debt must be considered a 'debt collector,' and (3) the defendant must have engaged in an act or omission in violation of the FDCPA's requirements." *Skvarla v. MRS BPO, LLC*, 2021 WL 241118, *2 (S.D.N.Y. July 12, 2021) (quoting *Derosa v. CAC Fin. Corp.*, 278 F. Supp. 3d 555, 559-60 (E.D.N.Y. 2017)).

The FDCPA defines a "debt collector" as:

> [A]ny person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another . . . [T]he term includes any who, in the process of collecting his own debts uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. For the purpose of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.

15 U.S.C. § 1692a(6). The FDCPA expressly excludes officers or employees of a creditor who while in the name of the creditor, collect debts for same. *Id.* at § 1692a(6)(A). The same section further excludes "any person collecting to attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was not in default

3

at the time it was obtained by such person." *Id.* at § 1692a(6)(F)(iii). Accordingly, the FDCPA does not apply to Defendant.

It is well-settled that the FDCPA expressly limits its application to debt collectors rather than creditors. *Owusu v. New York State Ins.*, 655 F.Supp.2d 308, 327 (S.D.N.Y. 2009) is instructive as it involved a FDCPA claim against HSBC Bank. *See id.* The Southern District of New York held that the plaintiff could not sustain a claim against Defendant HSBC under the FDCPA, as it did not fit the definition of a debt collector, and the plaintiff neither made any effort to demonstrate that it did. *Id.* "[I]n any event, a creditor may only be liable for actions undertaken in seeking to collect its own debt if it 'uses any name other than its own which would indicate that a third person is collecting … such debts.'" *Id.* (citing *Maguire v. Citicorp Retail Servs., Inc.* 147 F.3d 232, 235 (2d Cir. 1998)). Similarly, in *Doherty v. Citibank (South Dakota) N.A.*, 375 F.Supp.2d 158, 162 (E.D.N.Y. 2005), the Eastern District of New York dismissed the plaintiff's FDCPA claim against defendant Citibank, as the FDCPA expressly limits its application to debt collectors, not creditors. *Id.* The court noted that "the complaint did not allege that Citibank made any attempt to collect its own debts owed by the Plaintiff or used any other name and/or alias in an attempt to collect the debts in question." *Id.*

Further, where a complaint "does not allege that the purported debt collector acquired the plaintiff's debt after it was in default, the complaint fails to plausibly allege that the purported debt collector qualifies as a debt collector under the FDCPA." *DeSimone v. Select Portfolio Servicing, Inc.*, 2022 WL 36174, at *2 (E.D.N.Y. Jan. 4, 2022) (quoting *Roth v. CitiMortgage, Inc.*, 756 F.3d 178, 183 (2d Cir. 2014) (alterations and internal quotations omitted). Indeed, it is well-settled that the FDCPA does not apply to a party that acquires a debt that was current, or not yet in default, at the time it was obtained. *See, e.g., Obot v. Sallie Mae*, 602 Fed.Appx. 844 (2d Cir. 2015); *Diaz v.*

*First Marblehead Corp.*, 643 Fed.Appx. 916, 924 (11th Cir. 2016) (affirming sanctions against plaintiff's counsel pursuant to Fed. R. Civ. P. 11 for bringing a claim against a party who acquired the subject loan prior to plaintiff's default); *Jara v. Aurora Loan Servs., LLC*, 633 Fed.Appx. 651, 651 (9th Cir. 2016); *Carter v. AMC, LLC*, 645 F.3d 840 (7th Cir. 2011); *Bauman v. Bank of Am., N.A.*, 2014 WL 1884266, at *6-*7 (S.D. Oh. May 9, 2014).

Importantly, the Second Circuit has routinely affirmed the district courts' dismissal of FDCPA claims where the defendant does not meet the definition of a "debt collector." *See, e.g., Obot*, *supra,* at 845; *Roth v. CitiMortgage Inc.,* 756 F.3d 178 (2d Cir. 2014); *Gabriele v. Am. Home Mortg. Servicing, Inc.*, 503 Fed.Appx. 89 (2d Cir. 2012). In *Obot*, the plaintiff commenced an action claiming that the defendant violated the FDCPA. In response to the claim, the defendant moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) claiming that it was not a "debt collector" because the statutory definition excludes a party who attempts to collect a debt that was not in default at the time the debt was acquired. *Id*. at 845. In affirming the district court's dismissal, the Second Circuit stated:

> [T]he record and relevant case law reveal that the district court correctly ruled that Obot failed to state a claim because Sallie Mae was neither a government actor, as required to maintain his constitutional claims, nor a debt collector, as required to maintain his claim under the Fair Debt Collection Practices Act, 15 U.S.C.§ 1692, *et seq*., *see id.* § 1692a(6)(F)(iii) (defining "debt collector" to exclude "any person calling…a debt which was not in default at the time it was obtained"). (parentheses in original).

*Id.* at 846.

Here, Plaintiff's Complaint fails to assert facts to establish that Defendant is a "debt collector" pursuant to the FDCPA. Indeed, Plaintiff's Complaint does not even attempt to allege that Defendant is a debt collector or that the complained of conduct is governed by the FDCPA. To that end, Plaintiff's Complaint does not include any allegation that that Defendant was using a

pseudonym in order to fall under the false name exception of the FDCPA. Nor does Plaintiff's Complaint allege that the principal purpose of Defendant's business is the enforcement of security interests, in order to be considered a debt collector for the purpose of 15 U.S.C. § 1692f(6), which is the only provision of the FDCPA that Plaintiff cites in support of his claim against Defendant.

Further, given Defendant's assignment of the contract, the Complaint fails to contend that Plaintiff's debt was in default when it was acquired by Defendant, and in fact is devoid of any allegation regarding the status of Plaintiff's debt when it was allegedly acquired by Defendant. Said differently, the Complaint does not state when Plaintiff defaulted on the obligation or when Defendant acquired the debt, as is required to state a claim pursuant to the FDCPA. Accordingly, Plaintiff's allegations are insufficient to establish that Defendant is a "debt collector" and the complained of conduct is subject to the FDCPA.

Given that the Complaint fails to allege (and in fact can never allege) that the debt was in default prior to being acquired by Defendant, Plaintiff is unable to allege that Defendant meets to statutory definition of a "debt collector" and the Complaint must be dismissed.

## CONCLUSION

Plaintiff's Complaint is deficient to state a claim against Defendant pursuant to the FDCPA as it does not, because it cannot, allege that Defendant Crescent Bank & Trust is a "debt collector" as defined by the statute. Accordingly, Plaintiff's Complaint does not state a claim upon which relief can be granted. Therefore, Defendant Crescent Bank & Trust respectfully requests that the Court grant its Motion and dismiss all of Plaintiff's claim against it with prejudice.

Date:   May 26, 2023

**LIPPES MATHIAS LLP**

s/ Brendan H. Little
Brendan H. Little, Esq.
Attorneys for Defendant Crescent Bank & Trust
50 Fountain Plaza, Suite 1700
Buffalo, NY 14202
P: 716-853-5100
F: 716-853-5199
E: blittle@lippes.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 26, 2023, I electronically filed the foregoing document via

the CM/ECF system, which should then send notification of such filing to all counsel of record.

In addition, the foregoing document was sent to the following via United States mail:

Henry L. Robinson, Pro Se
1072 Bedford Avenue, Suite 022
Brooklyn, New York 11216

s/ Brendan H. Little
Brendan H. Little