```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/25/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
:
HENRY L. ROBINSON,                                                   :
                                                                     :
                           Plaintiff,                                :
                                                                     :          23-cv-00385 (LJL)
            -v-                                                      :
                                                                     :          OPINION AND ORDER
VICTORY MITSUBISHI, FLAGSHIP CREDIT                                  :
ACCEPTANCE and CRESCENT BANK & TRUST,                                :
                                                                     :
                           Defendants.                               :
                                                                     :
---------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

      Defendant Crescent Bank & Trust ("Crescent") moves, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss the amended complaint ("Amended Complaint") of Plaintiff Henry L. Robinson ("Plaintiff") for failure to state a claim for relief. Dkt. No. 15. For the following reasons, the motion is GRANTED.

## BACKGROUND

      The Court accepts the allegations of the Amended Complaint and the documents incorporated therein as true for purposes of this motion.

      Plaintiff is a resident of Brooklyn, New York. Dkt. No. 9 at ECF p. 3. He alleges that on November 1, 2022, he went to Victory Mitsubishi, in the Bronx, New York, to complete a consumer credit transaction. *Id.* at ECF p. 6. He claims Victory Mitsubishi "introduced fraud within the contract entered with the plaintiff on November 1st, 2022 . . . by lack of providing full, material disclosure as required by TILA (Consumer Credit Protection Act) and violations of contract law." *Id.* He further alleges that he sent out a "Notice of Rescission" to Victory Mitsubishi and to Flagship Credit Acceptance ("Flagship"), to "whom security interest was

assigned" but that Victory Mitsubishi and Flagship "failed to respond to all affidavits and notices of claim that were sent out and received certified mail via the United States Postal Service." *Id.* Plaintiff alleges that Victory Mitsubishi, Flagship, and Crescent were "provided the opportunity to state a claim or remain silence and to agree with all terms set forth in the unresponded, unrebutted certified Notice of Rescission, Notice of Fault and Opportunity to Cure and Affidavit of Truth that were sent out and received certified mail via the United States Postal Service." *Id.*

The only remaining allegation against Crescent is in paragraph 5 of Plaintiff's Statement of Claim. Plaintiff alleges as follows:

> On January 9th, 2023, Defendant, CRESCENT BANK & TRUST unlawfully detained Plaintiff's consumer goods (AUTOMOBILE), 15 U.S.C. § 1692f(6)). No notice or statement was received by Plaintiff from CRESCENT BANK & TRUST or FLAGSHIP CREDIT ACCEPTANCE in an attempt to collect an alleged debt. No Notice of Default of alleged debt was sent to the Plaintiff. CRESCENT BANK & TRUST wasn't assigned security interest on the contract that was signed on November 1st, 2022 between VICTORY MITSIBISHI (sic) and Robinson, Henry L.

*Id.* As relief against Crescent, Plaintiff seeks an order that Crescent release any lien or interest it or related parties may have and return the subject automobile, as well as that it, Victory Mitsubishi, and Flagship together pay damages to Plaintiff in the amount of $72,302. *Id.* at ECF p. 8.

Plaintiff attaches a number of documents to his Amended Complaint, including (1) the Retail Installment Contract between him and Victory Mitsubishi providing that he was purchasing a 2020 Chrysler 300 automobile (the "Automobile") for $67,769.12, including $33,561 on credit, and giving a security interest in the Automobile to Victory Mitsubishi to secure his payments due under the Retail Installment Contract, Dkt. No. 9-1; (2) certified mail receipts demonstrating that he sent correspondence to Victory Mitsubishi, Dkt. No. 9-2; (3) a credit report dated November 30, 2022, showing that he owed $33,727 to Crescent, Dkt. No. 9-4;

2

(4) a December 13, 2022 letter from Flagship recounting that Flagship initially purchased the Retail Installment Contract from Victory Mitsubishi but that it had returned the contract to Victory Mitsubishi when Flagship could not verify Plaintiff's employment and explaining that the contract was financed by a different lender, Dkt. No. 9-5; (5) a "Notice of the Right to Rescind," dated November 13, 2022, and signed by Plaintiff and sent to Victory Mitsubishi and Flagship purporting to rescind his obligations to pay the loan he was extended for the Automobile as well as Victory Mitsubishi's security interest in the Automobile, Dkt. No. 9-6; (6) an "Affidavit of Truth" sent to Crescent, invoking the Fair Debt Collection Practices Act ("FDCPA"), alleging that Crescent purchased the "Note" pursuant to which he financed the purchase of the Automobile, claiming that he had "officially rescinded that down payment/transaction with the dealer," demanding that Crescent "return all of [his] monthly installment payments," and threatening that if Crescent attempted to assert a security interest in the Automobile and touch his "car [it] will be charged with theft,"  Dkt. No. 9-6, at ECF p. 12-13; and (7) documents entitled "Notice of Default and Opportunity to Cure" directed to Victory Mitsubishi and to Flagship, putting the two on notice of Plaintiff's claim to have exercised his right to rescind, and stating that a failure to respond would be deemed to be acceptance of the claims and facts alleged by Plaintiff as true and agreed upon, Dkt. No. 9-7.

## PROCEDURAL HISTORY

Plaintiff initiated this action pro se by complaint filed on January 15, 2023.  Dkt. No. 2. He asserted claims under the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601–1667, the FDCPA, 15 U.S.C. § 1692, the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, and other federal statutes and rules, as against Victory Mitsubishi, Flagship, and Crescent. *Id.*  The Court granted Plaintiff's application to proceed in forma pauperis on January 30, 2023.  Dkt. No. 7.

On March 6, 2023, Chief Judge Swain[1] issued an order to amend, granting Plaintiff leave to file an amended complaint within 60 days of the order. Dkt. No. 8. The Court identified that the provisions of TILA that Plaintiff alleged were violated did not apply to the transaction to which Plaintiff was a party, *id.* at 5–7; that Plaintiff failed to allege that Crescent was a debt collector covered by the FDCPA or how, assuming it was a debt collector, its conduct would have violated the FDCPA, *id.* at 8; and that he alleged no facts suggesting that Defendants violated the FCRA or were credit reporting agencies that would fall under the purview of that statute, *id.* at 9. The Court therefore gave Plaintiff leave to replead.

On March 17, 2023, Plaintiff filed the Amended Complaint. Dkt. No. 9. The Amended Complaint asserts claims against Victory Mitsubishi, Flagship, and Crescent and alleges violations of TILA, the FDCPA, and the FCRA. The only allegation against Crescent appears to be under the FDCPA. *Id.*[2]

On May 26, 2023, Crescent filed this motion to dismiss along with a memorandum of law in support of the motion. Dkt. Nos. 15–16. The Court held an initial pretrial conference on July 19, 2023, during which it ordered Plaintiff to respond to Crescent's motion to dismiss by July 24, 2023, and set the date for Crescent's reply as July 31, 2023. Minute Entry (July 19, 2023). Those dates were later formalized in an order, which memorialized the Court's rulings on July 19, 2023. Dkt. No. 23. Plaintiff has not filed any opposition to the motion to dismiss. On

---

[1] The case was then assigned to Chief Judge Swain.
[2] The Amended Complaint also references Federal Rule of Civil Procedure 55 and Federal Rule of Evidence 602, but it does not allege how those rules were violated and by whom. Rule 55 sets forth the procedures for a federal court to enter a default judgment. Fed. R. Civ. P. 55. Federal Rule of Evidence 602 provides that "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602. Neither rule is applicable here.

4

August 2, 2023, counsel for Crescent filed a letter with the Court asking the Court to treat the motion as unopposed.  Dkt. No. 28.  Plaintiff has not responded to that letter.

## LEGAL STANDARD

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, a complaint must include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)).  A complaint must offer more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement" in order to survive dismissal.  *Twombly*, 550 U.S. at 555, 557.  The ultimate question is whether "[a] claim has facial plausibility, [i.e.,] the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.  Put another way, the plausibility requirement "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence [supporting the claim]."  *Twombly*, 550 U.S. at 556; *see also Matrixx Initiatives, Inc. v. Siracusano*, 563 U.S. 27, 46 (2011).

The Court is obligated to construe pro se pleadings broadly and liberally, interpreting them so as to raise the strongest arguments they suggest.  *See Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007); *Weixel v. Bd. of Educ. of City of New York*, 287 F.3d 138, 146 (2d Cir. 2002); *Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000).  This obligation "is especially true when dealing with pro se complaints alleging civil rights violations."  *Weixel*, 287 F.3d at 146; *see Weinstein v. Albright*, 261 F.3d 127, 132 (2d Cir. 2001).  However, while the Court construes pro

se pleadings liberally, this does not relieve pro se plaintiffs of the requirement that they plead enough facts to "nudg[e] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.  Nor does it relieve them of the obligation to otherwise comply with the pleading standards set forth by the Federal Rules of Civil Procedure.  *Saidin v. N.Y.C. Dep't of Educ.*, 498 F. Supp. 2d 683, 687 (S.D.N.Y. 2007); *see Locicero v. O'Connell*, 419 F. Supp. 2d 521, 525 (S.D.N.Y. 2006) (requiring that pro se litigants allege sufficient facts to indicate deprivation of a constitutional right).

Plaintiff's failure to oppose the motion does not itself justify the dismissal of the complaint.  *See McCall v. Pataki*, 232 F.3d 321, 322–23 (2d Cir. 2000) (holding that dismissal based on plaintiff's failure to respond to a Rule 12(b)(6) motion alone "was error"); *Maggette v. Dalsheim*, 709 F.2d 800, 802 (2d Cir. 1983) ("Nothing in either the Federal Rules of Civil Procedure or the Civil Rules of the Southern District requires a court to grant a motion by default simply because the nonmoving party fails to respond.").  "In deciding an unopposed motion to dismiss, a court is to 'assume the truth of a pleading's factual allegations and test only its legal sufficiency. . . . Thus, although a party is of course to be given a reasonable opportunity to respond to an opponent's motion, the sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law.'" *Haas v. Commerce Bank*, 497 F. Supp. 2d 563, 564 (S.D.N.Y. 2007) (quoting *McCall*, 232 F.3d at 322); *see also Strachn v. City of New York*, 2020 WL 6291428, at *1 (S.D.N.Y. Oct. 27, 2020); *Blanc v. Capital One Bank*, 2015 WL 3919409, at *2–3 (S.D.N.Y. June 24, 2015); *Vargas v. Pers.*, 2014 WL 1054021, at *2 (S.D.N.Y. Mar. 17, 2014); *O'Garro v. Comm'r of Soc. Sec.*, 2013 WL 5798537, at *2 (S.D.N.Y. Oct. 24, 2013).

## DISCUSSION

Crescent argues that the Amended Complaint should be dismissed with prejudice as against it for failure to allege that Crescent is a "debt collector" within the meaning of the FDCPA. Dkt. No. 16 at 3–6.

The FDCPA "was enacted by Congress in 1977 'with the aim of eliminating abusive practices in the debt collection industry, and also sought to ensure that "those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged."'" *Rosa v. Mandarich L. Grp., LLP*, 2023 WL 4561830, at *3 (S.D.N.Y. July 17, 2023) (quoting *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 89 (2d Cir. 2008) (internal citations and quotations omitted)). "'To state a claim under the FDCPA, a plaintiff must show (1) [s]he has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA.'" *Johnson-Gellineau v. Steine & Assocs., P.C.*, 2018 WL 1605574, at *10 (S.D.N.Y. Mar. 29, 2018) (quoting *Nath v. Select Portfolio Servicing, Inc.*, 2017 WL 782914, at *11 (S.D.N.Y. Feb. 28, 2017)); *see also Im v. Bayview Loan Servicing LLC*, 2018 WL 840088, at *5 (S.D.N.Y. Feb. 12, 2018) (same).

The FDCPA defines a "debt collector" as:

> [A]ny person who uses an instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. . . . [T]he term includes anyone who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. For the purpose of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.

15 U.S.C. § 1692a(6). The term "debt collector" does not include "any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor." *Id.* §

7

1692a(6)(A).³

"As a general matter, creditors are not subject to the FDCPA." *Maguire v. Citicorp Retail Servs., Inc.*, 147 F.3d 232, 235 (2d Cir. 1998). "[A] creditor may only be liable for actions undertaken in seeking to collect its own debt if it 'uses any name other than its own which would indicate that a third person is collecting . . . such debts.'" *Owusu v. N.Y. State Ins.*, 655 F. Supp. 2d 308, 327 (S.D.N.Y. 2009) (quoting *Maguire*, 147 F.3d at 235); *see also Brighton v. McIntosh*, 2011 WL 3585982, at *2 (S.D.N.Y. July 28, 2011) (dismissing FDCPA claim and holding that defendant was not a debt collector because "the payment allegedly sought by defendant is based on a debt allegedly owed by the plaintiff to the defendant directly"); *Doherty v. Citibank (S.D.) N.A.*, 375 F. Supp. 2d 158, 162 (E.D.N.Y. 2005). Moreover, a person who acquires a debt before that debt is in default is not a "debt collector" within the meaning of the FDCPA. *See Roth v. CitiMortgage Inc.*, 756 F.3d 178, 183 (2d Cir. 2014); *see also DeSimone v. Select Portfolio Serv., Inc.*, 2022 WL 36174, at *2 (E.D.N.Y. Jan. 4, 2022) (holding that the term "debt collector" does not include any person collecting or attempting to collection any debt which was not in default at the time it was acquired by such person).

Plaintiff's Amended Complaint fails to allege that Crescent was acting as a debt collector and hence fails to allege a FDCPA claim as against Crescent. Even construing the allegations of the Amended Complaint liberally and broadly, Crescent was attempting to exercise rights belonging to it as Plaintiff's creditor, and not as a debt collector. There also is not any allegation that debt collection was the principal purpose of Crescent's business. *See Goldstein v. Hutton,*

---

³ The term "creditor" is defined to mean "any person who offers or extends credit creating a debt or to whom a debt is owned, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another." 15 U.S.C. § 1692a(4).

8

*Ingram, Yuzek, Gainen, Carrol & Bertolotti*, 374 F.3d 56, 61 (2d Cir. 2004). Accordingly, Crescent is entitled to an order dismissing the Amended Complaint against it for failure to state a claim for relief under the FDCPA. *See Qurashi v. Ocwen Loan Serv., LLC*, 760 F. App'x 66, 68 (2d Cir. 2019) (affirming dismissal for failure to allege that defendant was a debt collector under the FDCPA); *Obot v. Sallie Mae*, 602 F. App'x 844, 845 (2d Cir. 2015) (same); *Ghiazzi v. Anchorage Marina, Inc.*, 2021 WL 4392482, at *4 (S.D.N.Y. Sept. 24, 2021) (dismissing complaint because defendants were not debt collectors and "simply demanded payment of a debt which Plaintiff allegedly owes them").

Ordinarily, a pro se plaintiff is entitled to at least one opportunity to amend a complaint after a decision on a motion to dismiss. *See Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013); *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795-96 (2d Cir. 1999); *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991) ("A pro se complaint is to be read liberally. Certainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."). The pro se plaintiff is entitled to know how his complaint is defective before he is finally barred from pursuing his claim. *See Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (holding that "notions of simple fairness suggest that a pro se litigant should receive an explanation" if a court grants a motion to dismiss). In this case, however, Plaintiff was informed how his claim against Crescent was defective. In her thorough Order to Amend, Chief Judge Swain ruled that Plaintiff had failed to "allege any facts suggesting that Crescent, or any defendant, is a debt collector within the meaning of the statute." Dkt. No. 8 at 8. Chief Judge Swain also identified what Plaintiff would have to allege to state a claim that Crescent was a debt collector: "The FDCPA defines a debt collector as: (1) a person whose principal purpose is to collect debts; (2) a person who regularly

9

collects debts owed to another; or (3) a person who collects its own debts, using a name other than its own as if it were a debt collector." *Id.* at 7. She gave Plaintiff 60 days to amend. *Id.* at 1. Notwithstanding that guidance, however, Plaintiff failed to allege facts that would establish Crescent was a debt collector. Moreover, it appears that any attempt to further amend would be futile. Crescent represents that Victory Mitsubishi assigned its interest in the Retail Installment Contract to Crescent on November 5, 2022, such that Crescent was financing Plaintiff's purchase of the Automobile, and that on or about January 20, 2023, Victory Mitsubishi repurchased the loan and issued Crescent a check in the amount of $31,172.00, such that Crescent's obligations under the assignment of the contract were extinguished. Dkt. No. 16 at 1 n.1. Plaintiff has not refuted that representation. His Affidavit of Truth contains the admission that Crescent purchased the "Note" pursuant to which Plaintiff financed the purchase of the Automobile. Dkt. No. 9-6, at ECF p. 13. There is no allegation or suggestion that Crescent purchased a debt when it was already in default much less that it did so "solely for the purpose of facilitating collection of such debt for another." 15 U.S.C. § 1692a(4). Accordingly, the Amended Complaint is dismissed with prejudice against Crescent.

## CONCLUSION

Crescent's motion to dismiss the Amended Complaint against it is GRANTED and the Amended Complaint is dismissed as against it with prejudice.

The Clerk of Court is respectfully directed to close Dkt. No. 15.

Dated: August 25, 2023
      New York, New York

                                         LEWIS J. LIMAN
                                       United States District Judge